DISTRICT COURT, [ ] COUNTY, COLORADO

Court Address

DATE FILED
September 26, 2025
CASE NUMBER: 2025CV754

DENVER DISTRICT COURT

SEP 26 2025

DENVER, COLORADO
COUNTER CLERK AL

25CV754-01

**Plaintiff:**

**Plaintiff**: Ian Hauman
**Address:** 1555 Central St #305 Denver CO 80211
Phone: 303 886 8233
*Email: ian@elliottprofessionalservices.com*

v.

**Defendant:**

**Highland Bridge Lofts, Inc.**

*c/o PMI Denver*

730 W 17th Street, Suite 630

Denver, CO 80202

**COURT USE ONLY**

Case Number: 25CV754

Division: 275 | Courtroom: _____

**COMPLAINT FOR:**

**(1) VIOLATION OF CCIOA**

**(2) VIOLATION OF FAIR HOUSING ACT & COLORADO ANTI-DISCRIMINATION ACT**

**(3) VIOLATION OF FEDERAL AND STATE FDCPA**

**(4) RETALIATION AND HARASSMENT**

**(5) BREACH OF CONTRACT AND FAILURE TO ARBITRATE**

**(6) INVASION OF PRIVACY & SURVEILLANCE ABUSE**

**(7) DAMAGES FOR PROPERTY HARM AND EMOTIONAL DISTRESS**

**I. PARTIES**

1. **Plaintiff**, Ian Hauman, is an individual and condominium owner residing in Highland Bridge Lofts in Denver, Colorado.

2. **Defendant**, Highland Bridge Lofts, Inc., is a Colorado nonprofit homeowners' association governed by the Colorado Common Interest Ownership Act (CCIOA), with its principal address or managing agent located in Denver, Colorado.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction under **Colo. Const. art. VI, § 9** and **C.R.S. § 13-1-124**.

4. Venue is proper under **C.R.C.P. 98(c)** as the subject property and actions occurred in Denver CO USA.

## III. GENERAL FACTUAL ALLEGATIONS

5. Plaintiff owns a residential unit within the Highland Bridge Lofts development and is *a member of the HOA*.

6. Beginning in approximately October 2025, Plaintiff was subjected to a continuous campaign of harassment, surveillance, and retaliation by the HOA, its management company, the HOA president, her husband, and other directed members.

## IV. SPECIFIC ALLEGATIONS

### A. ILLEGAL FINES AND DEBT COLLECTION

7. The HOA imposed **seventeen (17) fines of $1,000 each**, totaling **$17,000**, alleging Plaintiff had "tampered with cameras."

8. Plaintiff did not tamper with cameras but **blocked their view**, believing no rule prohibited such conduct. The HOA rules were vague and failed to provide fair notice.

9. Plaintiff was **never notified** of the fines until after they were imposed. Plaintiff discovered that a **USPS mail stop request** had been placed on their address, interfering with HOA communication.

10. The HOA then attempted to **automatically withdraw** funds from Plaintiff's bank *account without consent*.

11. When this failed, the HOA stated it would "hold" the fines and **reimpose** them at any point within the next **three years** if Plaintiff allegedly violated any rule again.

12. These practices violated the **Colorado Common Interest Ownership Act (C.R.S. § 38-33.3-209.5)** and both the **federal** and **state Fair Debt Collection Practices Acts** (FDCPA) — **15 U.S.C. § 1692 et seq.** and **C.R.S. § 5-16-101 et seq.**

13. Plaintiff incurred more than **$8,000 in legal expenses** contesting the fines.

## B. RETALIATION VIA POLICE HARASSMENT

14. In retaliation for Plaintiff's exercise of legal rights and prior legal action, the **HOA *president, her husband, the HOA's management company, and other members*** repeatedly called law enforcement on Plaintiff — more than a dozen times.

15. In these calls and complaints, the Defendants **knowingly and falsely claimed** that Plaintiff:

- Yelled at people for no reason,
- Threatened other residents or HOA members,
- Posted signs containing vulgar language,
- Harassed residents by cleaning their own vehicle.

16. These false statements were made deliberately to provoke law enforcement action and to stigmatize Plaintiff.

17. The HOA's goal was to secure a nuisance complaint against Plaintiff, which was ultimately issued.

18. Plaintiff was forced to incur approximately **$12,000 in legal fees** defending against the nuisance complaint resulting from this harassment.

## C. ABUSIVE SURVEILLANCE AND PRIVACY VIOLATIONS

19. The HOA installed a **hallway surveillance camera** directly outside Plaintiff's unit, *despite existing lobby cameras already covering common areas.*

20. The hallway camera served no valid security purpose and was intentionally installed to target and harass Plaintiff, who has a disability (autism) that causes sensory sensitivity.

21. The HOA has refused to remove or modify the camera, despite multiple written requests.

22. At the HOA's request, the **management company provided live camera access** and **recorded footage** to law enforcement, including photos of Plaintiff **legally possessing a firearm.**

23. The HOA has failed to disclose:

- Where footage is stored;
- How long it is retained;
- Who has access;
- Whether footage has been shared with third parties.

24. This violates Plaintiff's rights under **C.R.S. § 6-1-713 et seq.** (Colorado Consumer Data Privacy Law).

### D. DISABILITY DISCRIMINATION & FAILURE TO ACCOMMODATE

25. Plaintiff has autism and made **multiple reasonable accommodation requests,** *including:*

- Participation in HOA board meetings by **written proxy** or **transcript**,
- Removal of hallway camera that exacerbates sensory stress.

26. The HOA **refused all accommodations** and failed to engage in an **interactive process**, as required by:

- **The federal Fair Housing Act**, 42 U.S.C. § 3604(f)(3)(B), and
- **The Colorado Anti-Discrimination Act (CADA),** C.R.S. § 24-34-501 et seq.

27. Plaintiff suffered emotional distress and impairment of ability to participate in HOA governance due to this refusal.

### E. FLOOR DAMAGE AND REFUSAL TO ARBITRATE

28. The HOA caused **$15,000 in damage** to Plaintiff's unit flooring due to negligent *repair work.*

29. Plaintiff sued in county court, which erroneously ordered arbitration.

30. The HOA then **refused to engage in arbitration,** leaving the claim unresolved.

31. Plaintiff argues the **statute of limitations should be equitably tolled** due to the erroneous ruling and the HOA's noncompliance.

32. Updated estimates show Plaintiff will incur an **additional $10,000** for relocating and storing belongings, and temporary housing costs while repairs are completed.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of CCIOA**
C.R.S. § 38-33.3-209.5 and § 302 — Improper fines, failure to provide notice, excessive penalties.

### SECOND CLAIM FOR RELIEF

**Violation of FDCPA and Colorado FDCPA**
15 U.S.C. § 1692 et seq.; C.R.S. § 5-16-101 — Unauthorized collection, coercive tactics, deceptive practices.

### THIRD CLAIM FOR RELIEF

**Retaliation and Harassment (Common Law)**
False police reports, nuisance complaints, emotional distress.

### FOURTH CLAIM FOR RELIEF

**Violation of Fair Housing Act and Colorado Anti-Discrimination Act**
42 U.S.C. § 3604(f)(3)(B); C.R.S. § 24-34-501 et seq. — Refusal to accommodate autism-related needs.

### FIFTH CLAIM FOR RELIEF

**Invasion of Privacy & Data Violations**
Unauthorized surveillance and failure to comply with C.R.S. § 6-1-713 et seq.

### SIXTH CLAIM FOR RELIEF

**Breach of Contract & Covenant of Good Faith**
Selective enforcement, failure to arbitrate, coercive reapplication of fines.

### SEVENTH CLAIM FOR RELIEF

**Negligence / Property Damage**
$25,000 in damages for floor repairs, including relocation costs; failure to arbitrate.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment against Defendant and award *the following relief:*

1. Declaration that all HOA fines are unlawful and void.
2. Order prohibiting reimposition of held fines.
3. Restitution of:
   - **$8,000** in legal fees for contesting fines;
   - **$12,000** in legal fees defending nuisance complaint;
   - **$25,000** for floor repair costs (including $5,000 for relocation and lodging).
4. Injunctive relief:
   - Removal of hallway surveillance camera;
   - Enforcement of reasonable accommodations for Plaintiff's disability;
   - Mandatory disclosure of HOA's policies on surveillance footage access, retention, and sharing.
5. Monetary damages in the amount of **$10,000** for Defendants' refusal to provide reasonable accommodations under the Fair Housing Act and Colorado Anti-Discrimination Act, including emotional distress damages.
6. Statutory damages for each of the **seventeen (17) FDCPA violations**, as provided under **C.R.S. § 5-16-103(2)**, including damages for willful violations ($17,000+).
7. Compensatory damages in the amount of **$50,000** for emotional distress and mental anguish caused by Defendants' harassment, retaliation, and discriminatory conduct.
8. Punitive damages in the amount of **$50,000** to punish Defendants for their intentional, malicious, and oppressive conduct.

9. Costs of suit and reasonable attorney's fees pursuant to applicable statutes, including but not limited to **C.R.S. § 5-16-113** and **42 U.S.C. § 3613(c)(2)**.

10. Pre-judgment and post-judgment interest as allowed by law.

11. Any other relief the Court deems just and proper.

**DATED:**

**Respectfully submitted,**

Ian Hauman
Address: 1555 Central St #305 Denver CO 80211
Phone: 303 886 8233
Email: ian@elliottprofessionalservices.com