IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03720-PAB-NRN

IAN HAUMAN,

      Plaintiff,

v.

HIGHLAND BRIDGE LOFTS HOMEOWNERS ASSOCIATION, INC., a Colorado non-profit corporation,

      Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Motion to Remand Pursuant to 28 U.S.C § 1447(c) [Docket No. 25].  Defendant Highland Bridge Lofts Homeowners Association filed a response.  Docket No. 30.  Plaintiff Ian Hauman filed a reply.  Docket No. 35.

On September 26, 2025, Mr. Hauman filed a complaint in state court.  Docket No. 6 at 1.  Mr. Hauman filed the complaint pro se.  *Id.* at 7.  The complaint alleged seven claims against defendant, including claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).  *Id.* at 6.  On September 30, 2025, Mr. Hauman filed his first amended complaint in state court.  Docket No. 7 at 1.  Mr. Hauman was represented by an attorney.  *Id.*  The first amended complaint included a claim for a violation of the Fair Housing Act.  *Id.* at 41-42, ¶¶ 84-88.

On November 11, 2025, defendant timely removed the case to federal court, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the Fair Housing Act claim.  Docket No. 1 at 2, ¶¶ 6-7.  Mr. Hauman timely filed a motion to remand, arguing that, because the dispute arises out of his ownership of a condominium unit and his relationship with defendant is governed by Colorado law, there is no question of federal law.  Docket No. 25 at 5-6.  Mr. Hauman argues that his complaint invokes the Fair Housing Act only because its requirements are "incorporated" into a state law scheme relevant to his claims.  *Id.* at 6-7.  Finally, Mr. Hauman argues that defendant is collaterally estopped from asserting federal jurisdiction because defendant, in a prior case involving plaintiff and defendant, litigated the case in state court and agreed that the state court had the authority to order the parties to litigate their dispute.  *Id.* at 8.

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  In order to assess whether this case could have originally been filed in federal court under federal question jurisdiction, the Court must consider whether a federal question appears on the face of the well-pleaded complaint.  *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

2

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citation omitted).

The Court finds that Mr. Hauman has presented a federal question on the fact of his complaint by asserting a claim for "Violation of Fair Housing Act & Colorado Anti Discrimination Act."  Docket No. 7 at 41.  Mr. Hauman's argument that he did not plead a federal claim fails; the complaint cannot be fairly read as mentioning the Fair Housing Act only as some subsidiary standard supporting a state law claim rather than as an independent cause of action.

Mr. Hauman's collateral estoppel argument also fails.  Federal subject matter jurisdiction "cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (citing *Ins. Corp. v. Compagnie des Bauxites,* 456 U.S. 694, 702 (1982)).  The Court will therefore deny Mr. Hauman's motion to remand.

It is therefore

**ORDERED** that plaintiff's Motion to Remand Pursuant to 28 U.S.C § 1447(c) [Docket No. 25] is **DENIED**.

DATED May 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

3