IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-03720-PAB-NRN

IAN HAUMAN,

      Plaintiff,

v.

HIGHLAND BRIDGE LOFTS HOMEOWNERS ASSOCIATION, INC.,

      Defendant.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of Magistrate Judge [Docket No. 38]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 38 at 13; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 17, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that

the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 38] is

**ACCEPTED**.  It is further

**ORDERED** that defendant's Motion to Stay and Compel ADR [Docket No. 2] is

**GRANTED**.  It is further

**ORDERED** that this matter is **STAYED** pending the parties' mediation and, if

unsuccessful, arbitration of this dispute.  It is further

**ORDERED** that the parties are compelled to mediate and, if unsuccessful,

arbitrate this dispute.  Defendant is put on notice that a failure by the defendant to

participate in good faith in the mediation or arbitration process could be considered

either a waiver or default of the right to arbitrate and may lead to the lifting of the stay in

this case.

DATED August 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary
to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo
review.  Fed. R. Civ. P. 72(b).